United States District Court
Southern District of Texas
**ENTERED**
October 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-589 |
| | § | |
| CHARTER SPECTRUM, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In this action, Plaintiff Cedric Greene, proceeding pro se, alleges that Charter Spectrum, Inc. breached a contract regarding his monthly billing rate for Spectrum's services. Greene claims diversity of citizenship as the basis for subject matter jurisdiction.

A Magistrate Judge examined Greene's Complaint and issued a Report and Recommendation (Doc. 8) recommending that the Court dismiss Greene's claims for lack of subject matter jurisdiction. The Report and Recommendation also recommends that the Court declare Greene a vexatious litigant.

Greene filed timely Objections (Doc. 12), as well as a motion to transfer the case to a federal district court in Connecticut. (*See* Mot. to Transfer, Doc. 10)

When a party objects to a Report and Recommendation, the district court applies *de novo* review as to the objected-to portions of the Report and Recommendation. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

In his Objections, Greene devotes most of his statements in support of transferring the case and opposing a declaration that he is a vexatious litigant. Notably, he does not directly object to the Report and Recommendations' analysis of subject matter jurisdiction, much less explain how his allegations satisfy the amount-in-controversy requirement for diversity jurisdiction. Thus, clear error review would apply to the jurisdictional issue, and the Court finds no clear error

in the Report and Recommendation on this issue. But even under *de novo* review, the Court would agree with the conclusion in the Report and Recommendation that Greene has not established that this Court possesses subject matter jurisdiction over his lawsuit.

The Court also finds no merit in Greene's request to transfer the case to a federal district court in Connecticut. The jurisdictional deficiencies within Greene's Complaint would hold true as to any federal district court in the United States, rendering such a transfer futile and a waste of judicial resources.

Finally, Greene objects to the recommendation that the Court declare him a vexatious litigant, arguing that doing so would violate his due process rights to access the court system.[1] But he provides no legal analysis or authorities for his conclusory argument, and he fails to refute the analysis within the Report and Recommendation of the factors within *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008); *see also id.* at 9 ("A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation.").

For these reasons, the Court **OVERRULES** Plaintiff Cedric Greene's objections to the Report and Recommendation (Doc. 8), which the Court **ADOPTS**. As a result, it is:

**ORDERED** that Plaintiff Cedric Greene's causes of action within his Complaint (Doc. 1) are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

**ORDERED** that Plaintiff Cedric Greene's District Transfer of Civil Case and Change of Venue Motion (Doc. 10) is **DENIED.**

It is also **ORDERED** that Plaintiff Cedric Greene is **DECLARED** a vexatious litigant. Plaintiff Cedric Greene shall not file any lawsuit in the United States District Court for the Southern District of Texas–Brownsville Division, without first obtaining leave from the Court to

[1] Greene alludes to seeking disqualification of the Magistrate Judge on the grounds that he disagrees with the Report and Recommendation. (Objs., Doc. 12, 1) But he provides no analysis on the issue, and the Court finds no grounds remotely supporting the requested disqualification.

file the new lawsuit. The Clerk of Court is directed not to docket any Complaint submitted by Cedric Greene without first confirming that the Court has granted him leave to file the Complaint.

Each party shall bear its own fees and costs.

This is a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on October 5, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge